IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

AMANDA DENISE BRIERE,

        Plaintiff,

  v.                                     Civil Action No.
                                            5:15-CV-1310 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

        Defendant.

---

<u>APPEARANCES:</u>                          <u>OF COUNSEL:</u>

<u>FOR PLAINTIFF</u>

OLINSKY LAW GROUP            MICHELLE FECIO, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

<u>FOR DEFENDANT</u>

HON. RICHARD S. HARTUNIAN    ANDREEA LECHLEITNER, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on May 12, 2016, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: May 27, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
AMANDA DENISE BRIERE,


vs.                                        15-CV-1310

COMMISSIONER OF SOCIAL SECURITY.
------------------------------------------------------x
            Transcript of DECISION held on May 12, 2016,

at the James Hanley U.S. Courthouse, 100 South Clinton Street,

Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.



                   A P P E A R A N C E S

For Plaintiff:        OLINSKY LAW GROUP
(Via Telephone)       300 S. State Street
                      Suite 420
                      Syracuse, New York 13202
                        BY:  MICHELLE M. FECIO, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
(Via Telephone)       Office of Regional General Counsel
                      Region II
                      26 Federal Plaza - Room 3904
                      New York, New York 10278
                        BY:  ANDREEA L. LECHLEITNER, ESQ.
```

1      (Via Telephone:)

2      THE COURT: Well, thank you, both, for excellent
3 written and verbal presentations. I have before me a request
4 for judicial review of an adverse determination by the acting
5 Commissioner.

6      The background of the case is as follows: The
7 claimant -- or plaintiff -- was born in September of 1992.
8 She was 19 at the time she made application for SSI benefits;
9 21 at the time of the administrative law judge's decision;
10 and, by my rough calculation, is now 23.

11      She was in special education, some special
12 education courses; was labeled as learning disabled as early
13 as third grade with deficits in math, reading and writing.
14 She last finished eighth grade. She tried to achieve a GED
15 but found it to be too difficult. She lives in Syracuse with
16 her mother, her mother's husband, and a one-year-old son.

17      She has experienced behavioral issues and has been
18 variously diagnosed as having bipolar disorder,
19 post-traumatic stress disorder, panic disorder, and
20 borderline intellectual functioning.

21      She has, admittedly, not taken a great deal of
22 treatment but is on a waiting list and has planned on working
23 with both Arise Child and Family Services and Central
24 New York Services, Inc. where she's been evaluated.

25      She's not working. She only briefly worked at age

1  15.

2  At 2006 in seventh grade, when she was 13 and a
3  half years old, she was tested, as we discussed.  A verbal IQ
4  of 75 was registered, as well as a full scale IQ of 79.  In
5  2009 she was, again, tested by Dr. Seth Aldrich who
6  determined that she had a full scale IQ of 68 and a verbal
7  comprehension IQ of 63.  That's at Page 283 of the
8  administrative transcript.

9  She has had some criminal issues.  She's been in
10 juvenile detention after having run away and, at one point,
11 was on five years probation for burglary.

12 She needs help and reminder that she is the primary
13 care provider for her son.  But she testified that she needs
14 assistance, including from her stepfather who helps her and
15 provides reminders for certain tasks that she has to perform
16 for the child.

17 She also suffers from back pain and asthma and, for
18 that, she uses an inhaler.

19 Procedurally, the plaintiff applied for Social
20 Security benefits, SSI benefits, under Title 16 on March 1,
21 2012, alleging an onset date of March 6, 2009.  A hearing was
22 conducted by Administrative Law Judge Lisa B. Martin on
23 November 18, 2013.  A decision was rendered by ALJ Martin on
24 March 28, 2014.  The determination became a final decision of
25 the agency on September 25, 2015, when the Social Security

1  Administration Appeals Council denied plaintiff's request for
2  review.
3         As we discussed, the administrative law judge's
4  decision applies the well-known five-step protocol for
5  determining disability, determined that plaintiff has not
6  engaged in substantial gainful activity; found that, at
7  Step Two, the plaintiff suffers from several severe
8  impairments providing at least some limitation on work
9  functions, including asthma, bipolar disorder, attention
10 deficit hyperactivity disorder, post-traumatic stress
11 disorder, learning disorder, and borderline intellectual
12 functioning.
13        The administrative law judge then considered
14 several of the listed presumptively disabling conditions and
15 concluded, after considering 3.00, 12.00, 12.04, 12.05 and
16 12.06, that plaintiff's condition did not meet or medically
17 equal any of the listed conditions.
18        The ALJ then surveyed the medical evidence and
19 determined that the plaintiff retains the residual functional
20 capacity to perform a full range of work at all exertional
21 levels with various limitations, including being limited to
22 routine, uninvolved tasks not requiring a fast assembly quota
23 pace because of distractions preventing detailed
24 decision-making and causing off-task behavior 5 percent of
25 the time.  Moreover, the claimant is limited to having no

1   more than occasional work interactions with coworkers,
2   supervisors and the public.
3          The administrative law judge, then, after
4   determining that plaintiff did not have any past relevant
5   work, determined that she could not apply the
6   Medical-Vocational Guidelines, or the grids, in light of the
7   compromise presented by non-exertional limitations to the job
8   base on which the grids are predicated.
9          Testimony of a vocational expert was elicited and
10  it was determined that there are four positions including
11  document preparer, callout operator, office work helper and
12  warehouse worker that plaintiff is capable of performing,
13  notwithstanding her limitations.
14         As you know, the Court's function is fairly
15  circumscribed.  It is my job to determine whether correct
16  legal principles were applied and the determination is
17  supported by substantial evidence.
18         Obviously, the focus here is on 12.05 of the
19  listings and 12.05C, to be precise.
20         The first thing that, obviously, needs to be
21  determined under that listing is whether the record supports
22  any finding of deficits in adaptive functioning, initially
23  manifested during the developmental period.
24         It may be, as defendant's counsel suggests, that,
25  reading between the lines, you could argue that the

1  administrative law judge determined that there were no such
2  adaptive functioning limitations or deficits.  But she,
3  clearly, did not specifically address that issue in the
4  context of listing 12.05C.
5      And this is a very different case than, for
6  example, *Burnette against Colvin* at 564 F.App'x 605, Second
7  Circuit's decision addressing that issue from April of 2014.
8      Obviously, deficits in adaptive functioning:
9  Direct examination of whether the person is unable to
10 satisfactorily cope with the challenges of ordinary everyday
11 living, including taking care of children without help
12 sufficiently well that they have not been adjudged neglected,
13 paying bills and avoiding eviction.
14     But *Burnette* was a very different situation.  There
15 the plaintiff had graduated from high school without special
16 education classes; maintained a job for sometime after high
17 school, briefly attended college and reported sometimes
18 needing help but able to live alone, obtain a driver's
19 license, take public transportation, shop for food and pay
20 her bills.
21     The plaintiff in this case, the evidence tells a
22 very different story and I think that the administrative law
23 judge should have addressed adaptive functioning and the
24 failure to do so, I think is error.
25     More pertinently, I think that there is a gap in

1  the record. The 2006 tests, IQ tests, are clearly not
2  current under Section 112.00D(10) of Appendix 1. With the
3  rejection of Dr. Aldrich's, which I do not find is supported
4  by substantial evidence, nonetheless -- but with the
5  rejection of that, it leaves a void in the record and I think
6  that under 20 CFR 416.919A, subsection B, a consultative exam
7  or testing should have been required to fill that void. And,
8  so, I do not find that the Commissioner's determination is
9  supported by substantial evidence.
10             I think this is a very different case for rejection
11 of IQ testing than *Baszto*, one of the cases that was cited,
12 *Baszto against Astrue*. That was a very different
13 situation where there was evidence of malingering. I think
14 Dr. Aldrich's testing expresses that he is convinced of the
15 accuracy of the testing and, so, it's a different situation.
16             So, for those reasons, I think that the matter
17 needs to be remanded for further consideration by the agency.
18             I do not find persuasive proof of disability. I
19 think it needs another look.
20             So, I will award judgment on the pleadings to the
21 plaintiff vacating the Commissioner's determination and
22 remand the matter without a directed finding of disability.
23             Again, thank you, both, for excellent
24 presentations. I hope you have a good day.
25             MS. FECIO: Thank you, your Honor.

1   MS. LECHLEITNER: Thank you.

2

3           C E R T I F I C A T I O N

4

5

6           I, DIANE S. MARTENS, Registered Professional

7   Reporter, DO HEREBY CERTIFY that I attended the foregoing

8   proceedings, took stenographic notes of the same, that

9   the foregoing is a true and correct copy of same and the

10  whole thereof.

11

12

13

14

15

16  _____

17           DIANE S. MARTENS, FCRR